IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE MONTANEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  14-cv-754-MJR-SCW |
| | ) |
| KIMBERLY BUTLER and | ) |
| MINH SCOTT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Pierre Montanez is currently incarcerated at the Menard Correctional Center in Chester, Illinois. Proceeding pro se, Montanez has filed a civil rights complaint pursuant to 48 U.S.C. § 1983 against Kimberly Butler, the Warden of Menard, and Minh Scott, the chair of Menard's prison discipline adjustment committee. Montanez' amended complaint, as narrowed by the Court's threshold order, stated two claims for relief: his first claim alleges that Butler and Scott retaliated against him for refusing to falsely testify against his cellmate by issuing him a false disciplinary ticket; his second alleges that the two violated his due process rights by denying him an investigation and a polygraph during the course of his prison disciplinary proceedings.

Since Montanez filed his complaint, Defendants have amended their answer to include a res judicata affirmative defense, and have moved for summary judgment on that ground. Montanez objects to the assertion of res judicata and has littered the docket with motions to that end: he has filed, among other items, two objections to

Magistrate Judge Williams' decision to allow Defendants to amend their answer; a motion to conduct broad discovery concerning Defendants' attempt to assert a res judicata defense; a motion for sanctions against opposing counsel for making the res judicata argument at all; a motion to stay all proceedings pending resolution of his res judicata-related complaints against opposing counsel and Magistrate Judge Williams; a motion to strike Defendants' res judicata motion for summary judgment on fraud grounds; and two motions to disqualify opposing counsel for making the res judicata argument. For the reasons stated below, the Court overrules Montanez' objections, denies Montanez' motions, and denies Defendants' motion for summary judgment.

## BACKGROUND

Montanez' amended complaint seeks relief for retaliation and due process violations, all stemming from an allegedly false disciplinary ticket issued at Menard. As narrowed by the Court's threshold order, Montanez' amended complaint says that the prison tactical team raided his cell on April 14, 2014 and recovered a knife. (Doc. 22 at 4.) Although Montanez and his cellmate denied owning the knife and there was insufficient evidence to determine who owned it, Montanez maintains that Warden Butler approached him and promised that Montanez would face no punishment if he testified that the knife belonged to his cellmate. (*Id.* at 4-5). Montanez refused and was issued a prison disciplinary ticket for possessing contraband. (*Id.*)

Montanez later went before the adjustment committee, which was chaired by Defendant Scott. (*Id.* at 5.) Montanez requested an investigation and a polygraph,

which Scott refused. Montanez was convicted of the knife offense and punished with one year in segregation, demotion to C grade, commissary and yard restrictions, and other indignities, including having to wear a striped uniform. (*Id.*)

Prior to filing his original complaint in this Court on July 1, 2014 and his amended complaint on August 11, 2014, Montanez filed a state court complaint in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. His case, *Montanez v. Kim Butler*, 14-MR-191, was filed as a writ of mandamus against Warden Kim Butler. (Doc. 61-1.) In the state court complaint, Montanez argued that he was owed procedural due process and that he was denied a proper investigation and polygraph examination. (*Id.* at 9.) Montanez also alleged that Warden Butler tried to get him to falsely implicate his cellmate for contraband possession and when he refused he was issued a disciplinary ticket. (*Id.* at 10.) Montanez also said that he was denied the appointment of a hearing investigator to investigate the disciplinary ticket. (*Id.* at 11.).

The state court granted Montanez pauper status and leave to file his writ on May 30, 2014, and the matter was set for a conference on July 14, 2014. (Doc. 61-2). A summons for Butler was issued on June 18, 2014 and was returned as served on July 9, 2014. (Doc. 61-3.) Montanez' petition was dismissed by the state court on July 24, 2014—the order stated that the cause was "dismissed for failure to allege sufficient facts to state a cause upon which relief may be granted," (Doc 61-4) and the docket entry said that the cause was dismissed "without prejudice" (Doc. 61-3). According to Montanez' motion to strike (Doc. 72), he moved to reconsider, and before the St. Clair court could

rule the case was transferred to Randolph County at Butler's request on September 14, 2015. After he filed the instant federal case, Montanez moved to voluntarily dismiss his state court action, a motion the state court ultimately granted. (*Id*. at 7-11).

Once his federal complaint passed threshold review and Defendants answered, Defendants sought leave to amend their answer to include a res judicata defense. Magistrate Judge Williams granted that motion, and Defendants subsequently moved for summary judgment on preclusion grounds, claiming that the initial dismissal order entered by the state court was a merits based determination that barred this subsequent federal proceeding. Montanez didn't take the res judicata argument well: he has opposed the motion for summary judgment, filed two objections to Judge Williams' decision to allow Defendants to amend their answer, and filed a number of motions concerning the defense, claiming that the motion for summary judgment should be stricken and that Judge Williams and opposing counsel engaged in inappropriate conduct related to the defense. Defendants' motion for summary judgment, Montanez' objections, and Montanez' various motions are now before the Court for review.

## ANALYSIS

The Court will first take up several motions filed by Montanez before addressing Defendants' motion for summary judgment. First up are Montanez' objections to the magistrate judge's amendment-related rulings: the magistrate judge granted Defendants leave to file an amended answer asserting a res judicata defense related to the state court dismissal on July 13, 2015, and denied Montanez' motion to strike the request to amend

on July 29, 2015. Montanez maintains that the magistrate judge erred by allowing Defendants to file an amended answer, but that's wrong—federal courts retain considerable discretion to allow a party to amend an answer to add affirmative defenses. *Williams v. Lampe*, **399 F.3d 867, 870-71 (7th Cir. 2005).** Motions to amend are typically denied only when the opposing party would suffer prejudice due to the belated amendment, as the party might if discovery had closed or if the party never had an opportunity to respond to the affirmative defense. *Carter v. United States*, **333 F.3d 791, 796 (7th Cir. 2003).** This case was in its infancy when the magistrate judge let the Defendants amend, so there was no abuse of discretion. Montanez also faults the magistrate for ruling on the motion to amend without allowing him to respond to some of the characterizations Defendants made in their filings; the motion to amend pointed out that Montanez failed to disclose his court history, and that failure, said Defendants, partly justified an amendment. There was no need to allow a response given how easily motions to amend are granted, and there was nothing about Judge Williams' order that made a finding as to whether Montanez did or did not engage in improper conduct. If the matter is pressed later the Court will rule then; for now, it's enough to say that the objections have no merit. Both objections (Docs. 52 & 58) will be overruled.

Montanez next seeks permission to broaden discovery to seek material concerning the res judicata defense. Montanez didn't need additional discovery to make out a proper response to Defendants' motion for summary judgment, and either way, in light of the Court's resolution of that motion below, the motion (Doc. 63) is moot.

Montanez goes on to seek sanctions against defense counsel. His motion is a bit confusing, but he seems to claim that the assertion of a res judicata defense was so beyond the mark that even asserting it was frivolous. Sanctions are proper only when a movant clears the high burden of showing that the opposing party "should have known that his position is groundless," *Cuna Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39*, **443 F.3d 556, 560 (7th Cir. 2006)**, and that standard isn't satisfied here. While the Court will deny Defendants' motion for summary judgment on res judicata grounds for the reasons stated below, that denial doesn't mean that sanctions are automatically appropriate—sanctions can be denied even when a party is "wrong on the law." *Harlyn Sales Corp Profit Sharing Plan v. Kemper Fin. Servs.*, **Inc., 9 F.3d 1263, 1269 (7th Cir. 1993).** The wording in the state court dismissal order wasn't abundantly clear, and that lack of clarity means that Defendants' res judicata motion was at least colorable. Sanctions generally aren't appropriate when an argument has a chance of success, *Automobile Mech. Local 701 v. Joe Mitchell Buick, Inc.*, **930 F.2d 576, 579 (7th Cir. 1991)**, so Montanez' motion for sanctions (Doc. 64) must be denied.

Next up are Montanez' motions seeking rulings on some of his previous filings and to stay all proceedings until his misconduct complaints about opposing counsel and Magistrate Judge Williams can be resolved. The motion for status (Doc. 65) deals with Montanez' motions that were already resolved in other orders or in this order, and for that reason the motion for status will be denied as moot. As to Montanez' motion to stay these proceedings in their entirety (Doc. 67), his stay-related arguments concern

opposing counsel's res judicata-related arguments and Judge Williams' rulings concerning the motion to amend. For the reasons already stated above, there was nothing sanctionable about the assertion of a res judicata defense and nothing improper about Judge Williams' rulings, so the motion to stay must be rejected as well.

Montanez goes on to argue that the summary judgment motion should be stricken due to a fraud committed by its filing—he claims that opposing counsel erred by not disclosing that his case was transferred after the state court dismissed the petition and that his case was voluntarily dismissed after the transfer. There's no fraud for two reasons. For one, both the transfer order and the voluntary dismissal order were entered after Defendants moved for summary judgment, so it would have been impossible to disclose those points in the Defendants' opening motion. Second, both the transfer and the voluntary dismissal order have little to do with the res judicata analysis—the transfer order didn't do anything with the case but move it, and the voluntary dismissal order was superfluous, as the state court judge had already entered an order of dismissal. None of these points are critical to determining whether res judicata barred Montanez' suit; that question turns almost exclusively on the nature of the state court's involuntary dismissal order—if that order was a merits determination, the federal case must end; if it was not, the federal case can continue. The Court is not of the view that Defendants' conduct was sufficiently misleading to require striking the motion for summary judgment, so the motion (Doc. 72) will be denied.

Montanez has also filed two motions seeking to disqualify attorney Ashley

Carter, who filed the motion for summary judgment on res judicata grounds. The Court first notes that Ashley Carter is no longer attorney of record for Defendants and current counsel is Ashley Vincent. Montanez argues that Carter lied to the Court when she said she had just learned of the existence of Montanez' case in St. Clair County and sought leave to amend her answer and defenses. The Court finds no evidence of fraud on Ashley Carter's part. The only document Montanez points to is a motion to substitute counsel filed with the circuit court in St. Clair County on December 28th or 30th, 2015. The motion indicates that Carter was previously assigned to the case. It does not indicate how long she was assigned and the records from the court indicate that Brent Colbert represented Defendants in that case.[1] Further, the Court notes that Carter did not enter her appearance in this case until June 1, 2015, almost eleven months after Montanez' state case was closed. Thus, the Court does not find her statement that she was reviewing the case management system at the Illinois Attorney General's office and found that Montanez had a similar case before the state court to be fraudulent. Accordingly, the Court must deny Montanez' disqualification motions (Docs. 79 and 85).

That disposes of Montanez' res judicata-related motions, leaving Defendants' motion for summary judgment on res judicata grounds. Defendants maintain that the Illinois court involuntary dismissal order should be given preclusive effect. When a party is asserting res judicata based on an Illinois state court judgment or order, the

---

[1] The docket for Montanez' state court case, *Montanez v. Butler*, Case No. 14-MR-191, is available at http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx.

federal court looks at Illinois law to determine whether the state court judgment or order precludes the federal case. *Arlin-Golf, LLC v. Village of Arlington Heights*, **631 F.3d 818, 821 (7th Cir. 2011).** In Illinois, res judicata applies and bars a subsequent lawsuit when "there was a final judgment on the merits rendered by a court of competent jurisdiction," there "is an identity of cause of action," and "there is an identity of parties or their privies." *Nowak v. St. Rita High School*, **757 N.E.2d 471, 477 (Ill. 2001).**

The Court can begin and end with the merits point. Whether an Illinois decision was on the merits for res judicata purposes turns largely on Illinois Supreme Court Rule 273, which states that an involuntary dismissal of an action operates as an adjudication on the merits unless the order of dismissal "otherwise specifies" or the dismissal was for lack of jurisdiction, improper venue, or failure to join an indispensable party. Dismissals for failure to state a claim, without more, are deemed merits determinations under that rule, even if the dismissal comes early in the case and without much digging into the merits. *River Park, Inc. v. City of Highland Park*, **703 N.E.2d 883, 889 (Ill. 1998).** The Court says "without more" because certain types of involuntary dismissals, including those entered "without prejudice" or entered "with leave to amend" the initial complaint, usually aren't seen as preclusive—those types of dismissals smack of non-merits-type determinations and thus fall into the "otherwise specifies" part of the Illinois supreme court rule. *E.g., DeLuna v. Treister*, **708 N.E.2d 340, 346 (Ill. 1999);** *Bank of America, N.A. v. Cherry*, **No. 3-13-513, 2014 WL 5513454, at \*4 (Ill. App. Ct. Oct. 31, 2014);** *Domingo v. Guarino*, **932 N.E.2d 50, 58 (Ill. App. Ct. 2010);** *Johnson v. Du Page*

*Airport Authority*, **644 N.E.2d 802, 808 (Ill. App. Ct. 1994).**

So the question is whether the St. Clair order of dismissal was meant to be a final, merits determination, such that res judicata could apply. It wasn't for two reasons. For one, Illinois courts look to the "entire context" of the dismissal order to determine whether it has preclusive effect. *Kiefer v. Rust-Oleum Corp.*, **916 N.E.2d 22, 32 (Ill. App. Ct. 2009).** The language of this order, while brief, has enough in it to suggest a lack of finality—it is not phrased as a clear dismissal for failure to state a cause of action because the facts pled could never state a claim, as in *River Park*, **703 N.E.2d at 889**, but instead looks like a dismissal based on the fact that the complaint didn't include enough factual specificity, as in *Apollo Real Estate Inv. Fund, IV, L.P.*, **935 N.E.2d 949, 960-61 (Ill. App. Ct. 2009)**. More importantly, the record indicates that the dismissal was without prejudice, and that kind of dismissal is typically a non-merits determination. *E.g.*, *DeLuna*, **708 N.E.2d at 346;** *Bank of America*, **2014 WL 5513454, at \*4.** To be sure, the "without prejudice" notation appears on the state court's docket and not in the order, but to the extent the docket isn't inconsistent with the order—and this one isn't—the docket is a part of the order. *Quintas v. Asset Management Group, Inc.*, **917 N.E.2d 100, 107 (Ill. Ct. App. 2009).** Under these circumstances, the Court is of the view that the state order was not a merits determination, meaning that res judicata can't apply.

One closing note is in order concerning some outstanding discovery motions. Defendants asked the Court to stay merits discovery in this case pending resolution of the res judicata motion for summary judgment, and the Court has yet to rule on that

...

motion.  Because the Court has disposed of the motion for summary judgment, the motion for a stay of discovery (Doc. 59) will be denied as moot.  The Court will allow Defendants fourteen days from the date of this order to respond to Montanez' pending discovery.  That provision of time renders Montanez' motion to compel responses to his discovery (Doc. 81) moot, at least for the time being.  If Montanez is unhappy with Defendants' responses to discovery, he may file another motion to compel.

## Conclusion

For the reasons stated above, the Court **DENIES** Defendants' motion for summary judgment (Doc. 60), **OVERRULES** Montanez' objections to Magistrate Judge Williams' rulings (Docs. 52 & 58), and **DENIES** Montanez' motions to broaden discovery (Doc. 63), for sanctions (Doc. 64), for resolution (Doc. 65), to stay (Doc. 67), to strike (Doc. 72), and to disqualify (Docs. 79 & 85).  The Court further **DENIES** Defendants' motion for a stay of discovery (Doc. 59) as **MOOT** and grants Defendants fourteen days from the date of this order to respond to Montanez' pending discovery.  Given this allotment of time, Montanez' motion to compel (Doc. 81) is **DENIED** as **MOOT**.

IT IS SO ORDERED.

DATED:   March 10, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**